IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BENJAMIN ROOSEVELT SINGLETON, <br><br> Plaintiff <br><br> VS. <br><br> STATE OF GEORGIA; DEPARTMENT OF CORRECTIONS; Officer HAYNES; Sgt. JOHNSON; K. BACON; Sgt. LUMPKIN; DOUGLAS FRANKS; Nurse JANE DOE #1; Nurse JANE DOE #2; DARLENE PARKER,[1] <br><br> Defendants | NO. 5:06-CV-061 (CAR) <br><br><br> **PROCEEDINGS UNDER 42 U.S.C. §1983** <br> **BEFORE THE U.S. MAGISTRATE JUDGE** |

# ORDER OF TRANSFER

Plaintiff **BENJAMIN ROOSEVELT SINGLETON**, an inmate at Wilcox State Prison in Abbeville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

**I. Plaintiff's Original Complaint**

In his original Complaint, plaintiff states that on February 19, 2004, Officer Haynes and Sgt. Johnson were transporting him, along with other inmates, to Georgia State Prison in Reidsville, Georgia from the Georgia Diagnostic and Classification Prison in Jackson, Georgia. The inmates started to smell burning rubber and reported as much to Sgt. Johnson. However, according to

---

[1] In the heading of his original complaint, plaintiff names only the State of Georgia, Department of Corrections, Officer Haynes, and Sgt. Johnson as defendants. However, in the body of his complaint, under the heading "Defendants," he names K. Bacon, Sgt. Lumpkin, Mr. Franks, two Jane Doe nurses, and Darlene Parker as defendants. Additionally, on March 9, 2006 the Court docketed a "Supplement to Complaint" in which plaintiff adds no new allegations, but merely shows all defendants in the heading of his complaint. The Court has included all defendants in the caption of this Order of Transfer.

plaintiff, Sgt. Johnson did not stop until the bus was fully engulfed in flames.  At this point, they were in Bibb County Georgia.  After he stopped the bus, plaintiff states that Sgt. Johnson refused to let the inmates out of the locked cage.  Plaintiff states that he was forced to inhale smoke for fifteen minutes.  When Officer Haynes finally opened the cage that held plaintiff and the other inmates, plaintiff was pushed to the floor by the other inmates as they rushed to exit the burning bus.  Plaintiff states that his lungs, throat, and chest were burning and hurting.  Moreover, his back was injured when inmates shoved him to the floor as they exited the bus.  According to plaintiff, Sgt. Johnson would not allow any inmates to receive medical treatment at the scene.  A second bus came and transported plaintiff and the other inmates to Georgia State Prison.

Plaintiff avers that at Georgia State Prison, he was seen by two Jane Doe Nurses who took his vital signs and blood pressure.  Plaintiff states that he informed these women that he was suffering severe pain in his chest and lower back.  Plaintiff alleges that one of the nurses completed an incident report but refused to help him further.

According to Plaintiff, the incident report was passed on to officials at the Liberty County Jail and upon his arrival at this jail, he spoke with Officer King, who referred him to Sgt. Lumpkin and Mr. Franks.  Plaintiff does not explain whether he spoke directly with either of these individuals, but he does state that on February 21, 2004, his mother spoke with Mr. Franks regarding plaintiff's medical condition. According to plaintiff, Mr. Franks told his mother that plaintiff would be evaluated at the hospital as soon as possible.  However, plaintiff was not taken to the hospital.

Plaintiff states that on February 25, 2004 Darlene Parker, a nurse at Liberty County Jail, told plaintiff that it was not her responsibility to make sure he received medical treatment and she subsequently refused to treat him.  Apparently plaintiff then submitted a grievance regarding the pain in his lungs and chest and lack of medical care to K. Bacon, who also apparently failed to get plaintiff medical attention.

## II. Plaintiff's Amended Complaint

On February 21, 2006, plaintiff filed an amendment to his complaint. (Tab 2). In this amendment, plaintiff seeks to add Ross T. Garanger, Chief Counseler at Scott State Prison, as a defendant. Plaintiff states that in May, 2004, he filed a grievance with Mr. Garanger and, thereafter, Mr. Garanger disclosed some of the information in the grievance to unnamed individuals.

While it is true that under Fed. R. Civ. P. 15(a) leave to amend should be freely granted, it is by no means guaranteed. ***Foman v. Davis***, 371 U.S. 178, 182 (1962). The Court has wide discretion in ruling upon motions to amend complaints. ***United Assoc. Of Journeymen & Apprentices etc. v*. *Georgia Power Co.***, 684 F.2d 721 (1th Cir. 1982). In this case, plaintiff asserts new allegations against a new defendant based on a claim that appears wholly different from the claim which gave rise to his initial complaint. In essence, plaintiff attempts to file a whole new lawsuit and combine it with his initial unrelated action. This is not appropriate and the motion to amend is **DENIED** without prejudice to the right of plaintiff to file a new complaint against this defendant should he so choose. Plaintiff is advised to keep in mind any applicable statute of limitations that may apply to his claim or claims against Mr. Garanger.

## III. Transfer to the Southern District

The venue provisions of 28 U.S.C. § 1391(b) provide in relevant part:

> *A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred  . . ..*

In the case at bar, only the bus fire occurred in Bibb County Georgia, which is situated in the Middle District of Georgia. All of plaintiff's claims involving the alleged lack of medical care occurred in Tattnall County and Liberty County, both of which are located in the Southern District of Georgia. Additionally, all of the individual defendants reside in the Southern District of Georgia.[2]

28 U.S.C. § 1404 allows a Court to transfer a case "to any other district or division where it might have been brought." Moreover, "[w]hile the correct procedure for a transfer is by motion, the judge can order same on his own initiative." *Riordan v. W. J. Bremer, Inc*., 466 F. Supp. 411 (S. D. Ga. 1979). Because all of the defendants reside in the Southern District of Georgia and a substantial part of the events giving rise to the litigation occurred in that district, the Court **DIRECTS** the Clerk of the Court to transfer this action to the United States District Court for the Southern District of Georgia.

**SO ORDERED** this 17th day of MARCH, 2006.[3]



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court does note that plaintiff named the State of Georgia and Department of Correction as defendants. Neither the State nor its agencies are "persons" who may be sued under §1983. **Will v. Michigan Dep't of State Police**, 491 U.S. 58, 71 (1989).

[3] Plaintiff's motion to proceed in forma pauperis and his motion for appointment of counsel are transferred for further consideration in the Southern District of Georgia.